**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1592**

JOSE JOEL RAMIREZ ZARATE, a/k/a Joel Ramirez,

Petitioner,

v.

ROBERT M. WILKINSON, Acting Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 29, 2021                       Decided: February 19, 2021

Before AGEE and FLOYD, Circuit Judges, TRAXLER, Senior Circuit Judge.

Petition denied in part and dismissed in part by unpublished per curiam opinion.

Luis C. Diaz, LAW OFFICES OF LUIS C. DIAZ, LLC, Silver Spring, Maryland, for Petitioner. Jeffrey Bossert Clark, Acting Assistant Attorney General, Cindy S. Ferrier, Assistant Director, Surell Brady, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Joel Ramirez Zarate, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture. We deny the petition for review in part and dismiss it in part.

We have reviewed the arguments that Ramirez Zarate presses on appeal in light of the administrative record, including the transcript of Ramirez Zarate's merits hearing and the supporting evidence, and the relevant legal authorities. We conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B)—including the finding that Ramirez Zarate did not experience past persecution—and that substantial evidence supports the denial of relief. We further conclude that substantial evidence supports the finding that Ramirez Zarate did not demonstrate a well-founded fear of persecution or that it is more likely than not that he will be tortured in Mexico. Accordingly, we deny in part the petition for review.

We dismiss the petition as to the agency's finding that Ramirez Zarate's asylum application was untimely. Under 8 U.S.C. § 1158(a)(2)(B), an alien has one year after arriving in the United States to apply for asylum. If the asylum application is late, it may still be considered if the applicant shows "the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing." 8 U.S.C. § 1158(a)(2)(D). Changed circumstances can be changes in country conditions or changes in the applicant's circumstances. 8 C.F.R.

2

§ 1208.4(a)(4)(i) (2020).  We lack jurisdiction to review the decision that the alien did not comply with the one-year time limit and whether the alien showed "changed or extraordinary circumstances excusing the delay" in filing.  *Gomis v. Holder*, 571 F.3d 353, 358 (4th 2009); *see* 8 U.S.C. § 1158(a)(3); *see also Mulyani v. Holder,* 771 F.3d 190, 196-97 (4th Cir. 2014) (noting that express language of § 1158(a)(3) prevents review of IJ's finding that applicant did not establish changed or extraordinary circumstances).  Although 8 U.S.C. § 1252(a)(2)(D) provides that any provision under the Immigration and Nationality Act which limits or eliminates judicial review shall not be construed as precluding review of constitutional claims or questions of law, we have held that the question of whether an asylum application is untimely or whether the changed or extraordinary circumstances exception applies "is a *discretionary determination* based on factual circumstances."  *Gomis*, 571 F.3d at 358.  Accordingly, our authority to review an IJ's determination survives the limitation in § 1158(a)(3) only if the petition for review presents a constitutional claim or question of law.  *Id.*  Because Ramirez Zarate does not raise a constitutional claim or a question of law, we lack jurisdiction to review the finding that Ramirez Zarate failed to show changed or extraordinary circumstances excusing the delay in filing his asylum application.

Accordingly, we deny in part and dismiss in part the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED IN PART*,
*DISMISSED IN PART*

3